IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES TURNER ) | |
| ) | Civil Action No. 12 - 1855 |
| Plaintiff, ) | |
| ) | Chief Magistrate Judge Lisa Pupo Lenihan |
| v. ) | |
| ) | ECF No. 18 |
| HARRY NICOLETTI, JR., et al, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION ON DEFENDANTS'
MOTION TO DISMISS COUNTS IV AND V OF AMENDED COMPLAINT**

**I. FACTUAL AND PROCEDURAL HISTORY**

Plaintiff James Turner ("Turner"), represented by counsel, initially filed his three-page Complaint in this action on December 20, 20012, asserting a claim under the Eighth Amendment against two former correctional officers, Harry Nicoletti and Tori Kelly (the "Officer Defendants"), in their individual capacities, for assault allegedly committed in December, 2010 while Plaintiff was incarcerated at the State Correctional Institution at Pittsburgh ("SCI Pittsburgh"). Plaintiff was transferred from SCI Pittsburgh on December 29, 2010.

As noted in Plaintiff's Brief in Opposition to the Motion to Dismiss ("Plaintiff's Brief in Opposition"), "[w]idespread abuse of prisoners at SCI Pittsburgh was exposed in investigations by the Pennsylvania Department of Corrections 9DOC) and by the U.S. Department of Justice." Plaintiff's Brief in Opposition at 1. Investigations were opened, and "extensive" media coverage began, in late 2011, and continued through early 2013, with the Officer Defendants standing trial

and convicted of assault. Id. at 1-2 & nn. 1-2. "[A]most everyone . . . in Allegheny County and across the Commonwealth[] knew a great deal about the pattern of prisoner abuse in which Plaintiff Turner was one of multiple victims" as there was "prevalent news coverage" from "late 2011" onwards and "for well over a year before the trials even began". Id. at 9-10 (citing multiple news reports).

On December 31, 2012, Plaintiff filed an Amended Complaint naming six (6) additional Defendants (the "Supervisory Defendants") and asserting, as new Counts IV and V to the Amended Complaint, claims against them violations under 42 U.S.C.A. Section 1983 – specifically, asserting that they conspired to deprive Plaintiff of constitutionally protected rights and that they unconstitutionally failed to train/supervise the Officer Defendants. See Amended Complaint. Currently pending before this Court is the Supervisory Defendants' Motion to Dismiss the claims against them as untimely. See Defendants' Motion to Dismiss the Amended Complaint (ECF No. 18). Plaintiff opposes the Motion on grounds that these additional claims against the additional Defendants "relate back" – under the provisions of Fed. R. Civ. P. 15(c)(1)(C) - to the original, timely, Complaint and are thereby timely.

For the reasons set forth below, the Supervisory Defendants' Motion to Dismiss the Counts against them, and dismiss them from this action, will be granted.

## II. ANALYSIS

Because Plaintiff was transferred from SCI Pittsburgh on December 29, 2010 and the Amended Complaint was filed on December 31, 2012 – rendering it potentially time barred

under the applicable two year statute of limitations,[1] the parties correctly address their briefs to the provisions of Fed. R. Civ. P. 15(c)(1), under which an amendment relates back to the date of the filing of the original complaint (*i.e.*, December 20, 2012) and is treated, for statute of limitations purposes, as if it had been filed at that time, when:

> (A) the law that provides the applicable statute of limitations allows relation back;
>
> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading; or
>
> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, *if Rule 15(c)(1)(B) is satisfied and if*, within the period provided by Rule 4(m) for serving the summons and complaint, *the party to be brought in by amendment*:
>
>> (i) received such notice of the action that it will not be prejudiced in defending on the merits; *and*
>>
>> (ii) knew or should have known that the action would have been brought against it, *but for a mistake concerning the proper party's identity*.

Fed. R. Civ. P. 15(c)(1) (emphasis added). See also, *e.g.*, Ferencz v. Medlock, 905 F.Supp.2d 656, 665-66 (W.D. Pa. 2012) (setting forth above criteria where plaintiff seeks "to add or substitute a new party") (citing Estate of Grier v. Univ. of Pa. Health Systm., 2009 WL 1652168 (E.D. Pa. June 11, 2009)); Plaintiff's Brief in Opposition at 4 ("Plaintiff has the burden of demonstrating each of the three requirements . . .").

---

[1] These civil rights claims brought under Section 1983 are subject to Pennsylvania's two-year personal injury statute of limitations. See 42 Pa.C.S. Section 5524; Bougher v. University of Pittsburgh, 882 F.2d 74, 78 (3d Cir. 1989).

The Court observes that Plaintiff meets the requirements of (c)(1)(A) and (B).[2] It further notes that, under the requirements of (c)(1)(C), the Supervisory Defendants were named well within the 120 days provided for service under Rule 4(m) and they had such notice – given, as Plaintiff repeatedly observes, the extensive media coverage and criminal proceedings relating to prisoner abuses at SCI Pittsburgh – that they would not be prejudiced by having to defend related claims on the merits.[3] The analysis under 15(c)(1)(C) does not, however, end there. For the remaining condition of 15(c)(1)(C)(ii) further requires that the newly-named Supervisory Defendants *"knew or should have known"* that the Plaintiff's original, timely filed action *"would have been brought"* against them *"but for a mistake concerning the proper party's identity."* There lies the rub. This final requirement is not – and under the facts set forth in Plaintiff's own Brief in Opposition cannot be – met.

The assertions in Plaintiff's response pleading, *i.e.*, that Plaintiff himself "failed to understand the prison management network well enough at first to know who had the responsibility and duties to supervise and train" the Officer Defendants, "authority within the prison is a monolith", and the "threats and abuse from the corrections officers further obscured Plaintiff's view of the actual lines of accountability in the prison organization structure", are unavailing. Plaintiff's Brief in Opposition at 9. *Plaintiff's knowledge of prison management at*

---

[2] The Court concurs with Plaintiff's assertion that the additional claims arose from a "common core of operative facts" – *i.e.*, prisoner assaults and abuses by corrections officers employed at SCI Pittsburgh. Plaintiff's Brief in Opposition at 5 (citing <u>Bensel v. Allied Pilots Ass'n</u>, 387 F.3d 298, 310 (3d Cir. 2004)).

[3] The Supervisory Defendants, as represented by the Office of the Attorney General of Pennsylvania, were aware of the criminal investigations and trial regarding prisoner abuses, and of the discharge and criminal convictions of the Officer Defendants herein; the Amended Complaint was filed 11 days after, and prior to service of, the December 20, 2012 original Complaint.

*the time of his December, 2010 incarceration at SCI Pittsburgh is irrelevant to a determination of whether the otherwise time-barred amendments to his December 20, 2012 Complaint fall within the "relate back" provisions of 15(c)(1)*. What *is* relevant is whether the circumstances and content of the Complaint reflect a "mistake" not material to a reasonable understanding of Plaintiff's *intent*, *i.e.*, the Court looks not to Plaintiff's perspective in December, 2010 but to the December 20, 2012 initial Complaint, and the December 31, 2012 Amended Complaint prepared and filed by Plaintiff's counsel and, significantly, to the *intent* reasonably understood from the timely filing. Plaintiff's limited understanding of prison administrative hierarchies in 2010 would not, under a proper application of Rule 15(c)(1), excuse/remedy his failure to file a timely complaint including a civil rights/Section 1983 claim against individually named (or as yet unnamed) supervisory officials.

The amendment cannot be brought within the "but for a mistake" requirement of (C)(ii) by analogy to the Supreme Court's decision in Krupski v. Costa Crociere S.p.A., 130 S.Ct. 2485 (2010). To the contrary, the cases are critically distinguishable. In Krupski, a plaintiff who suffered a personal injury on a cruise ship and was in possession of objectively sufficient information (on her passenger ticket) to know the identity of the owner of the ship nonetheless initially sued the owner's agent, and subsequently amended the complaint to name the owner. The Eleventh Circuit held that because these circumstances did not constitute a "mistake" by the plaintiff within the meaning of 15(c)(1)(C), the amendment was time-barred. But the Supreme Court reversed, holding that the question of "mistake" under 15(c)(1)(C) looks to "what the prospective defendant knew or should have known" and

"[h]ence the inquiry must focus on" what that defendant "reasonably should have *understood about the plaintiff's intent."* Id. at 2496 (quoted in Plaintiff's Brief in Opposition at

9) *(emphasis added)*. Thus in <u>Krupski</u>, the Supreme Court found permissible an amendment naming the ship owner, where the owner *reasonably knew (by the substance of the initial, timely complaint) the plaintiff intended to sue it.*

That is not the case here. Plaintiff did not identify the wrong parties to the Eighth Amendment claims made in his Complaint despite having sufficient information available to correctly identify them. Plaintiff in his Amended Complaint has sued *additional parties for additional and different reasons – i.e., on Section 1983 grounds/theories not advanced in the original Complaint*. These claims against the Supervisory Defendants were, therefore, not a reasonably understood "intent" of the initial Complaint, *i.e.*, the Supervisory Defendants were not reasonably to know that the Eighth Amendment Complaint was intended to be, *and but for mistake would have been*, brought against them. <u>Cf. id.</u> at 2493-94 (explaining that "[i]nformation in the plaintiff's possession is relevant . . . if it bears on the defendant's understanding of whether the plaintiff made a mistake regarding the proper party's identity" as opposed to an informed decision to sue "while fully understanding the factual and legal differences between" potential parties); <u>id.</u> (noting that the latter would "be the antithesis of making a mistake concerning the proper party's identity").[4] <u>See, *e.g.*, Ferencz,</u> 905 F.Supp.2d at 667-670 (permitting substitution of named defendant for "John Doe" as lack of knowledge constituting "mistake" in identity within the meaning of 15(c)(1)(C) in accordance with Third Circuit precedent; but distinguishing and denying amendment as to additional defendants where plaintiff knew of their existence, identities and roles but failed to assert claims against them in

---

[4] <u>Cf. also</u> Defendants' Brief in Support of Motion to Dismiss at 8 ("[I]t could be reasonably concluded that Plaintiff made a deliberate choice to limit the allegations . . . to the two corrections offices whom he alleges subjected him to physical abuse and harassment . . . ."); <u>Lovelace v. O'Hara</u>, 985 F.2d 847, 850 (6th Cir. 1993) ("That a choice may not be wise is insufficient to invoke" relation back of an amendment.).

original complaint); Smith v. Gallia County Sheriff, 2011 WL 2970931, *7 (S.D. Ohio, July 20, 2011) (holding that addition of party affected new and independent cause of action which could not be maintained when statute had run); id. at *11 ("There is a distinction between the notice requirement of Rule 15(c)(1)(C)(i) and the mistake requirement of Rule 15(c)(1)(C)(ii). . . . Even if [additional defendant] had notice that [plaintiff] might bring suit against him in his individual capacity, adding him as a defendant in that capacity relates back only if [defendant] knew that it was because of a mistake that he was not sued individually.").

### III. CONCLUSION

Accordingly, for the reasons aforesaid, Defendants' Motion to Dismiss the Amended Complaint as against the moving Defendants, *i.e.*, as to Counts IV and V, will be granted and the Supervisory Defendants dismissed from this action. See Defendants's Brief in Support at 2, 9.


Dated: August 2, 2013

_____
Lisa Pupo Lenihan
Chief U.S. Magistrate Judge