# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES TURNER | ) |
|     Plaintiff, | ) Civil Action No. 12 - 1855 |
| | ) |
| v. | ) Chief Magistrate Judge Lisa Pupo Lenihan |
| | ) |
| HARRY NICOLETTI, JR., et al, | ) ECF No. 38 |
| | ) |
|     Defendants. | ) |

## MEMORANDUM OPINION

This lawsuit is filed pursuant to Section 1983 for alleged violations of plaintiff's constitutional rights stemming from physical and verbal assaults allegedly perpetrated by two former correctional officers while he was incarcerated at the State Correctional Institute at Pittsburgh. Plaintiff initially sued the two officers as well as a number of supervisory defendants. The court granted a Motion to Dismiss the supervisory defendants on August 2, 2013. ECF Nos. 30, 31. The claims against the 2 officers remain.

On October 23, 2013 plaintiff filed a Motion for Entry of Judgment under Federal Rule of Civil Procedure 54(b). This motion asked the court to enter final judgment as to the supervisory defendants and stay the case as to the remaining two individual defendants so that issue can be appealed. The court requested supplementary briefing and on November 25, 2013, a supplemental brief was filed by plaintiff. In his brief, plaintiff clarifies that he wishes the court to certify a final judgment on the merits so that an appeal can be taken to the Third Circuit.

Rule 54(b), which governs the certification of final decisions in multiple-claim actions, provides:

When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the

entry of a final judgment as to one or more but fewer than all of the claims or parties *only upon an express determination that there is no just reason for delay* and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties. Fed.R.Civ.P. 54(b) (emphasis added).

As plaintiff has argued, a decision to certify a final judgment under Rule 54(b) requires 2 separate findings. First that there has been a final judgment on the merits and second that there is no just reason for delay. *Berckeley Inv.Group, Ltd. v. Colkitt*, 455 F.3d 195, 202 (3d Cir. 2006). In this case, a final judgment on the merits has been rendered relative to the liability of the supervisory defendants. This constituted the ultimate disposition of all claims for relief against those defendants. The issue remaining is whether or not individual defendants Nicoletti and Kelly have any liability to the plaintiff. These defendants are both on probation after being convicted of related criminal charges and the Department of Corrections has declined to indemnify them. Plaintiff argues that any verdict against them is likely to be uncollectible. Plaintiff further avers that he will pursue an appeal as to the supervisory defendants, who are indemnified by the Department of Corrections. If plaintiff is required to pursue the claim at this time he could be required to try his case twice. First against the individual defendants; and again, if an appeal of this Court's August 2, 2013 order is successful, against the supervisory defendants.

The remaining defendants do not object to this motion. ECF Nos. 40 and 41.

In support of his argument plaintiff cites a number of cases including *Carter v. City of Phila.*, 181 F.3d 339 (3d Cir. 1999). In that case, the District Court had dismissed all claims against the District Attorney's Office but not the police officers, pursuant to a motion to dismiss

similar to this case. The District Court granted the plaintiff certification pursuant to Rule 54(b) to pursue an appeal. The Third Circuit found that the requirements of Rule 54(b) were met as "the decision below was a final judgment in the sense that it was an ultimate disposition of plaintiff's claims against the District Attorney's Office." Similar to this case, the court found that the interests of judicial economy favored hearing the appeal because the denial thereof would pose a substantial risk that the court and the parties would be forced to have duplicative trials. Id. at 346, 347.

Given Plaintiff's limited resources, it would place a severe hardship on the plaintiff to have to litigate this case twice. Any award of damages he might obtain against the individual defendants would clearly not be recoverable.[1] Having engaged in settlement discussions, the court can attest that settlement with the individual defendants is highly unlikely. Therefore, an appeal at this time would promote judicial economy and allow there to be at most, one trial on the issues presented. Therefore, plaintiff's motion at ECF No. 38 will be granted and a separate order and final judgment will be entered.

Dated: Dec. 3, 2013

Lisa Pupo Lenihan
Chief U.S. Magistrate Judge

cc: Counsel of record
Tory Kelly
3173 Bradbury Drive
Aliquippa, PA 15009

---

[1] The court is aware, due to settlement discussion in other cases, that both of the individual defendants have lost their jobs and currently have very little in the way of assets.